

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

ERALD C. MANN
TTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-5583
Re: Answering questions relating
to the State Department of Health
entering into a plan for administer-
ing Federal funds for furnishing
hospital, maternity and infant care
to wives and infants of enlisted
men in the armed services of the
United States under certain rules
and regulations promulgated by
the United States Children's
Bureau.

Your letter of August 26, 1943, requesting an
opinion of this department relative to the above subject
has received our careful attention.

You informed us that the plan recently submitted
by you to the United States Children's Bureau, in order
to continue the services in Texas, was rejected by the
Bureau on the grounds that it did not meet the new regula-
tions they had set up for their operation.

There are, in your letter, quoted statements from
a letter by the Director, Division of Health Services,
United States Children's Bureau, addressed to the State
Health Officer rejecting the plan which read:

"' The Texas Department of Health must
assume full responsibility for the policies and
all aspects of administration as well as fiscal

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George W. Cox    page 2

administration for any plan submitted from Texas.
The law making the appropriations for emergency
maternity and infant care stated that grants were
to be made to the States under plans developed and
administered by State health agencies and approved
by the Chief of the Children's Bureau. . . .The
Texas State Department of Health must assume full
responsibility for the medical supervision of the
plan establishing standards of qualifications for
practitioners participating in the plan, etc.

"'. . . . (1) The qualifications required for physicians
rendering any medical (other than obstetrical) services
under the plan should be established by the State
health agency.  These standards should not be lower
than those described on page 9 of MCH Information
Circular No. 13.'

"(NOTE: MCH Information Circular No. 13, page 9,
provides:  'medical care provided under the plan may
be authorized only when the attending physician or
consultant is a graduate of a medical school approved
(at the time of graduation or subsequent to gradu-
ation) by the Council on Medical Education and
Hospitals of the American Medical Association. . .
Specialists who are certified by their respective
American Boards (these boards are set up by the
American Medical Association for M. D.'s only) or
whose training and experience meets the requirements
of such boards should be designated as consultants
by the State health department. . .

"'It is now necessary to have MCH-7a, the certificate
of the State Attorney General, attached to the
Emergency Maternity and Infant Care plans.'

        The questions submitted by you raised in the
light of the above quoted statements from the Director's
letter are substantially restated as follows:

        1.  Would the statements and rules quoted pro-
hibit the Texas State Health Department from entering into
a plan to administer the funds in question?

Honorable George W. Cox    page 3

2. Would the requirements concerning the qualifications of physicians as prescribed by the Director and the quoted rule as above set forth constitute illegal discrimination in Texas, and if so, would the Texas State Health Department be prohibited from entering into such plan for administration?

3. Would it be possible for the Attorney General to certify on the MCH-7a certificate required by the Bureau as same is quoted in the request?

For the purpose of obtaining more light on the questions presented, at our request, you furnished us with the recently published circular forms containing the rules promulgated by the United States Children's Bureau, Department of Labor.

H. R. 2935, 78th Congress, known as the Labor-Federal Security appropriation act 1944, under Title I thereof, contains the following appropriations for the Department of Labor.

"Grants to States for emergency maternity and infant care (national defense): For grants to States, including Alaska, Hawaii, Puerto Rico, and the District of Columbia, to provide, in addition to similar services otherwise available, medical nursing, and hospital maternity and infant care for wives and infants of enlisted men in the armed forces of the United States, under allotments by the Secretary of Labor and plans developed and administered by State health agencies and approved by the Chief of the Children's Bureau, $4,400,000."

The foregoing act expressly provides for such funds to be administered by State health agencies. We construe that portion of the Director's letter set out above, together with the rules promulgated by the Bureau to mean that the Texas State Health Department must only assume responsibility for the policies and aspects of administering the funds. That is, to see that the funds are paid to the proper person entitled thereto for

Honorable George W. Cox    page 4

services performed according to the adopted rules, and that the Federal Agencies do not require the Texas State Health Department to obligate the State of Texas to assume responsibility for the payment for the services rendered.

In the administration of these funds, we can see no question of illegal discrimination involved as would prohibit you from entering into a plan for accepting the benefits of the Federal grant.

In answer therefore to your first question, it is the opinion of this department that you are authorized to enter into a plan for and administer the federal funds allotted for emergency maternity and infant care for wives and infants of enlisted men in the armed forces of the United States. It is our suggestion, however, in preparing your authorization form for service and care following that drafted by the United States Children's Bureau M-2, that you insert a clause following the words "will assume responsibility for payment" to the effect: "from federal funds, if, as and when made available."

As to your second question, it is our opinion that same be, and it is answered in the negative.

In answer to your third question, we see no reason why this department would not certify on the MCH-7a form as required by the United States Children's Bureau and would do so insofar as the plan adopted is in harmony with the questions herein answered.

We are returning herewith the documents you furnished us for consideration in connection with your opinion request.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _(signature)_ Wm. J. R. King
Assistant

AJRK:ncd
encl.

_(signature)_ Gerald C. Mann